## WILL ELEDGE v. THE STATE.

### No. 3319. Decided June 20, 1906.

**1.—Seduction—Statute Construed—Marriage.**

Under article 969, Penal Code, as amended, where a prosecution is begun and indictment is pending, and to avoid the consequences of the charge the accused marries the seduced woman, then the case shall be continued on the docket for the space of two years, in order to hold the accused to perform his marital relations in good faith; and the prosecution may be revived if he does not act in good faith. This article applies only where prosecution had begun at the time of the marriage, and does not apply where the marriage takes place prior to the institution of criminal proceedings.

**2.—Same—Case Stated—Abandonment.**

Upon trial for seduction where the evidence showed that the marriage between defendant and prosecutrix occurred March 8, 1905, that he abandoned her; that the illicit intercourse between the parties occurred some months before the marital relation was assumed; and the indictment was returned April 24, 1906, more than a year subsequent to the marriage, the prosecution was without authority.

Appeal from a conviction of seduction; penalty, two years imprisonment in the penitentiary.

Appeal from the District Court of Parker. Tried below before the Hon. J. W. Patterson.

The opinion states the case.

*Preston Martin,* for appellant.—Miller v. State, 37 Texas Crim. Rep., 575; Burnet v. State (Ark.), 81 S. W. Rep., 382; Barnett v. State, 117 Georgia, 298.

*J. E. Yantis,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of seduction, the punishment being fixed at two years confinement in the penitentiary. By the Act of the Twenty-Eighth Legislature, p. 221, article 967, of the Penal Code, was amended so as to make the punishment for the crime of seduction not less than two nor more than ten years in the penitentiary. Article 969 was amended so as to read, as follows: "If the parties marry each other at any time before the defendant pleads to the indictment before a court of competent jurisdiction, then the prosecution, if begun, shall be suspended, but not dismissed, and if indictment has been returned the case shall be continued on the docket of the court from term to term and if the defendant after said marriage in good faith continues to live with the person so seduced for two years after said marriage then said prosecution shall be dismissed; but if the defendant within two years after said marriage, without the fault of his said wife, such fault amounting to acts committed by her after said marriage as would entitle him to a divorce, shall abandon her or refuse to live with her, or shall

be so cruel to her as to compel her to leave him, or shall be guilty of such outrages or cruelties toward her as to render their living together insupportable, then the prosecution shall be revived, and said marriage shall be no bar to the same, and the female so seduced shall be a competent witness against the defendant; provided however, that if after the prosecution is begun, and prior to the time he pleads to the indictment before a court of competent jurisdiction, the defendant in good faith offers to marry the female so seduced, and if she refuses to marry him, such refusal shall be a bar to further prosecution, etc." It seems that under the terms of this article, where a prosecution is begun and indictment is pending, and to avoid the consequences of the charge the accused marries the seduced woman, then the case shall be continued on the docket for the space of two years, in order to hold the accused to perform his marital relations in good faith. And it would seem further, that if he should abandon the marital relation or treat his wife in such unbecoming manner as to force her to leave him, the prosecution may be revived. If we understand the reading of this article it applies only where prosecutions have begun at the time of the marriage, and further, that it is only where the indictment has been returned in the case that it shall be continued on the docket as the means of holding the accused in good faith to carry out his marital contract. If this is a proper construction, then the provisions of this article do not apply where the marital stage is assumed between the parties prior to the institution of criminal proceedings. We think it clear that the terms of this statute only apply where the marital relation is assumed in order to avoid punishment prescribed by law, and this marital relation has been assumed after the institution of the criminal proceeding. It would follow therefore, if the marital relation was assumed by the parties, not with reference to pending prosecutions, but before such was begun, then the terms of this law, and the law of seduction does not apply. A party who has seduced a woman and marries her in accordance with his promise before the institution of a criminal proceeding would thereby not be held responsible under the law of seduction, and an indictment should not be returned against him.

Under the facts of this case it is uncontroverted, and is even proved by the State beyond any question that the marital relation was assumed on March 8, 1905; that the parties became engaged about March 20, 1904; that intercourse between the parties began in August or September, 1904—some months before the marital relation was assumed. The indictment was returned on April 24, 1906, more than a year subsequent to the marriage. Under this statement of the evidence and the construction we have here placed upon the law, the indictment should not have been returned, and the prosecution was without authority of law. It may be apropos to state further that about two weeks subsequent to the marriage, the wife of appellant notified him one night that earlier in her life she had been criminally

intimate with one of her cousins. Shortly afterwards he left, with the view, of going to Fort Worth and engaging in business, with the promise of sending for his wife. This he failed to do. In April, 1905, his wife was carried before the grand jury and there testified that she had not had intercourse with her husband prior to the marriage, and that she was not then pregnant. Defendant had married her on the 8th of March, 1905, with the statement from her that she was pregnant, and that he married her because of the previous engagement between them. In April, 1906, the father of appellant's wife went before the grand jury and secured an indictment, which was returned on April 24. That appellant's wife was not before the grand jury, and therefore did not testify before that body. We think it is very doubtful whether this case could be sustained on the evidence. For instance, the wife testified that prior to her marriage she would not let appellant have intercourse with her, except when he was provided with the means of preventing pregnancy, and that she watched this matter closely and saw that the necessary preparations were made with what she calls "rubber goods" to prevent conception. But it is not necessary to go into a detailed statement of the evidence under the view we take of the law. Therefore we hold that the statute on seduction does not apply in this case as made by the facts; that where the marriage occurs prior to the institution of the criminal prosecution article 969 has no application.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*

Brooks, Judge, absent.